UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ZORNA SIMONE CORBIN,                          Case No.:  6:16-bk-02047-CCJ
                                              Chapter 13
                  Debtor.

_____

ZORNA SIMONE CORBIN,

                  Plaintiff,

v.                                            Case No.:  6:16-ap-00090-CCJ

WELLS FARGO BANK, N.A.,

                  Defendant.

_____

## DEFENDANT WELLS FARGO BANK. N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel responds in opposition to Plaintiff's Motion for Entry of Default by Clerk (the "Motion")[1] (D.E. 18). In support, Wells Fargo states as follows:

### INTRODUCTION

1.      Plaintiff's Motion seeking entry of the Clerk's default fails for the simple reason that Wells Fargo is not in default. In fact, Plaintiff's Motion was filed long after Wells Fargo filed its Motion for Clarification as to whether it should file a response, while

_____

[1] Plaintiff's filing of this Motion is untimely and can be denied for this basis alone.  As discussed below, Plaintiff filed the Motion not only well after Wells Fargo sought clarification from the Court if it is necessary to file a response pending the administrative closure of this Adversary Proceeding, but also after Wells Fargo filed a motion to dismiss the Complaint. Even assuming, arguendo that Wells Fargo did not plead or otherwise defend (which Wells Fargo disputes), Plaintiff's Motion is untimely pursuant to the Administrative Order Prescribing Procedures for Adversary Proceedings signed by the Honorable Karen S. Jennemann (the "Order").  Under the Order, Plaintiff had 60 days from the date of filing of her Complaint to seek a default. Plaintiff did not do so, and is only seeking default now that Wells Fargo has filed its Motion to Dismiss.

reserving its right to file a response to the Complaint, pending the administrative closure of this Adversary Proceeding. Wells Fargo's Motion for Clarification is set for a hearing on August 16, 2017. Furthermore, Wells Fargo's Amended Motion to Dismiss Verified Adversary Complaint (the "Amended Motion to Dismiss") predates Plaintiff's Motion. As such, Wells Fargo is actively participating in this Adversary Proceeding, and Plaintiff's assertion that Wells Fargo abandoned the case is meritless. For this reason alone, Plaintiff's Motion should be denied.

2.      Alternatively, entering the Clerk's default would be futile. Specifically, the Court lacks subject matter jurisdiction over Plaintiff's claims, which have already been litigated, or could have been litigated, in a prior mortgage foreclosure action (the "Foreclosure Action") that resulted in a final judgment of foreclosure ("Foreclosure Judgment") in favor of Wells Fargo that has been affirmed on appeal. Thus, Plaintiff is barred from having the Court revisit the Final Judgment under the *Rooker-Feldman* doctrine.

3.      Lastly, Plaintiff's assertion that the filing of the Foreclosure Action, which was resolved in 2015, violated the automatic stay imposed by the filing of Plaintiff's bankruptcy case in March 2016 is facially meritless. The Foreclosure Action, the Final Judgment, as well as the opinion affirming the Final Judgment and the mandate from the Florida Fifth District Court of Appeal ("Fifth District"), all predate the filing of the bankruptcy case. Accordingly, Plaintiff failed to state a claim for violation of the automatic stay upon which relief could be granted. Consequently, the Court may not enter judgment on any of Plaintiff's claims and, as such, Plaintiff's Motion should be denied.

## I.    PROCEDURAL HISTORY OF THE BANKRUPTY CASE

4.    On March 29, 2016, Plaintiff filed a voluntary petition ("Petition") in this Court seeking bankruptcy protection under Chapter 13 of the Bankruptcy Code ("Bankruptcy Case").  (Bankr. D.E. 1).  The Petition lists the property located at 8121 Meadowglen Drive, Orlando, Florida 32810 as Plaintiff's place of residence (the "Property").  (Bankr. D.E. 1 at 2). As explained in detail in the Amended Motion to Dismiss, the Property is encumbered by Wells Fargo's secured claim that was subject to the Foreclosure Action.[2] (Adv. P. D.E. 16 at 3-5). Upon the conclusion of the Foreclosure Action, in which Plaintiff actively participated, Wells Fargo obtained the Final Judgment, which was thereafter affirmed by the Fifth District. (Adv. P. D.E. 16 at 3-5).

5.    On April 25, 2016, Plaintiff filed her Chapter 13 Plan (the "Plan"), Statement of Financial Affairs, Schedules A-J ("Schedules"), and Statement of Current Monthly Income (Bankr. D.E. 12, 13).  Four days later, on April 29, 2016, the Chapter 13 Trustee filed a Motion to Dismiss Case for Failure to File a Feasible Chapter 13 Plan, and for Filing Incomplete Schedules.  (Bankr. D.E. 16).  In particular, the Trustee explained that the Plan, the Statement of Financial Affairs, Statement of Current Monthly Income, and the majority of the Schedules were left blank.  (Bankr. D.E. 16 ¶ 3).  Wells Fargo also filed an objection to confirmation of the Plan on May 13, 2016 based on, among other things, Plaintiff's failure to provide payment to the Trustee or any of her creditors.  (Bankr. D.E. 18).

6.    On July 19, 2016, Plaintiff filed an Amended Chapter 13 Plan (the "Amended Plan") and Amended Schedules A-J as well as Statement of Financial Affairs

---

[2] Wells Fargo re-alleges all of its arguments raised in the Amended Motion to Dismiss (Adv.P. D.E. 16) herein by reference.

along with Statement of Current Monthly Income, but the documents were still incomplete and did not correct all the deficiencies identified by the Trustee or Wells Fargo.[3]  (*See* Bankr. D.E. 19, 20).  On September 27, 2016, Plaintiff filed an Objection to Wells Fargo's Proof of Claim 4-1.  (Bankr. D.E. 29).  That same date, Plaintiff filed the instant Complaint that initiated this Adversary Proceeding.  (Adv. P. D.E. 1).  In her Complaint[4], Plaintiff contends that Wells Fargo filed the Foreclosure Action without standing to do so, and that the underlying Note and Mortgage were invalid.  (*See generally* D.E. 1).  Although Plaintiff admits that she executed both the Note and Mortgage in favor of the original lender, World Savings Bank FSB, Plaintiff asserts that she later exercised her right of rescission under TILA on December 10, 2008, purportedly cancelling the loan transaction and invalidating the Note and Mortgage.  (D.E. 1 ¶¶ 19-26, 49-55).  Plaintiff also contends that Wells Fargo's filing of the Foreclosure Action after the alleged rescission amounted to an unlawful debt collection activity under the FDCPA (the "FDCPA Claim"). (D.E. ¶¶ 27-28, 56-60, 65-67). Furthermore, Plaintiff purports to assert that the filing of the Foreclosure Action violated the automatic stay imposed by the filing of the Bankruptcy Case in March 2016. (*see* D.E. 1 ¶¶ 29-37, 61-64).

7.    On April 29, 2016 the Trustee filed a Motion to Dismiss Case for Failure to File a Feasible Chapter 13 Plan and for Filing Incomplete Schedules. (Bankr. D.E. 16). On November 15, 2016, the Court granted the Trustee's Motion to Dismiss and directed the Trustee to prepare the order on the Motion to Dismiss. (Bankr. D.E. 41). On November 23, 2016, the Court entered an Order Granting Motion to Dismiss the Case. (Bankr. D.E. 42).

---

[3] The Court entered an order striking Schedules A-J without prejudice on July 20, 2016, and Plaintiff filed amended Schedules E-F on September 27, 2016 (the "Amended Schedules").  (Bankr. D.E. 21, 28).
[4] Wells Fargo provides this summary based upon its good faith attempt to decipher Plaintiff's allegations.

Thereafter, fourteen days later, on December 7, 2016, Plaintiff filed a Verified Motion to Reinstate the Case. (Bankr. D.E. 43). The Motion to Reinstate the Case was not granted until April 28, 2017. (Bankr. D.E. 50).

### PROCEDURAL HISTORY OF THE ADVERSARY PROCEEDING

8.      As set forth above, Plaintiff filed the Complaint on September 27, 2016. (Adv. P. D.E. 1). Wells Fargo's response was due on October 31, 2016. (Adv. P. D.E. 2). On that date, Wells Fargo filed an Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Verified Complaint and Incorporated Memorandum of Law, which was granted and the Court extended time for filing a response until November 30, 2016. (Adv. P. D.E. 3, 6).

9.      After the Court entered the Order Granting Motion to Dismiss Plaintiff's Bankruptcy Case on November 23, 2016, counsel for Wells Fargo reached out to the Bankruptcy Court's Clerk's Office and was informed that this Adversary Proceeding would be administratively closed based upon the dismissal of the underlying Bankruptcy Case.[5] On November 30, 2016, Wells Fargo filed a Motion for Clarification. (Adv. P. D.E. 5). In the Motion for Clarification, Wells Fargo explained that it was informed that this Adversary Proceeding would be closed and requested clarification from the Court whether it was necessary to file a response in light of the recent dismissal of Plaintiff's Bankruptcy Case and pending administrative closure of the instant Adversary Proceeding. (Adv. P.

---

[5] Most courts in this circuit routinely dismiss adversary proceedings upon the dismissal of the underlying bankruptcy case. *See e.g. Olsson v. Wells Fargo Bank N.A. (In re Olsson*, Case No. 15-01687-PGH, D.E. 36 (Bankr. S.D. Fla. Feb. 27, 2017) (dismissing the adversary proceeding based upon dismissal of the underlying bankruptcy case on the same day); *Petrano v. Fraser (In re Petrano)*, Case No. 13-01011-KKS, D.E. 21 (Bankr. N.D. Fla. Apr. 16, 2014) (dismissing *sua sponte* the adversary proceeding based upon the dismissal of the underlying bankruptcy case). In an abundance of caution, counsel for Wells Fargo contacted the Clerk's Office to inquire if the Court had similar practices of dismissing adversary proceedings upon the dismissal of the underlying bankruptcy case. Counsel for Wells Fargo was informed that the Court has a similar practice and a standard order administratively closing the case would be entered.

D.E. 5 at 1- 2). Wells Fargo also reserved its right to file a response if it is determined that it is necessary to file a response because the Bankruptcy Case is reinstated or if this Adversary Proceeding is not administratively closed. (Adv. P. D.E. 5 at 2). After the Court reinstated Plaintiff's Bankruptcy Case, on May 1, 2017, the Court set the Motion for Clarification for a hearing on June 15, 2016 and thereafter the Court set a pre-trial status conference also for June 15, 2016. (Adv.P. D.E. 9, 11).

10.     On June 7, 2017, Plaintiff filed a Motion to Reschedule Hearing and requested that the Court continue the pre-trial status conference to some other time because Plaintiff purportedly could not attend the hearing due to a work schedule conflict. (Adv.P. D.E. 13). As Plaintiff did not ask to continue the hearing on Wells Fargo's Motion for Clarification, the undersigned counsel for Wells Fargo reached out to Plaintiff so that the Motion for Clarification is not heard in her absence and inquired if she would consent to having the Motion for Clarification resolved by consenting to Wells Fargo's filing of a response on or before June 15, 2017. Counsel for Wells Fargo informed Plaintiff that Wells Fargo will not oppose her Motion to Reschedule Hearing.  Plaintiff informed counsel for Wells Fargo than she would get back to her within thirty minutes to inform of her decision.

11.     Plaintiff did not reach back out to Wells Fargo, and on June 12, 2017, Wells Fargo filed a Motion to Dismiss Verified Adversary Proceeding. (Adv. P. D.E. 14). On June 14, 2017, the Court granted Plaintiff's Motion to Reschedule Hearing and sua sponte rescheduled all of the matters for July 13, 2017. (Adv.P. D.E. 15). On June 14, 2017, Wells Fargo filed an Amended Motion to Dismiss to include the Court's negative notice legend. (Adv. P. D.E. 16).  Seven days later, on June 21, 2017, Plaintiff filed the instant Motion. In the Motion, despite Wells Fargo's active participation in the case, Plaintiff incorrectly

asserts that Wells Fargo abandoned the case. On June 29, 2017, the Court again rescheduled the pre-trial status conference along with hearing on the pending motions to August 16, 2017.

### III.    MEMORANDUM OF LAW

### A.    Legal Standard

12.    Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055, provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED.R.CIV.P. 55(a). Although the term "otherwise defend" is not defined, a close review of the plain language of the statute provides that default may be entered only if a party "failed to plead or otherwise defend." Furthermore, after the 2007 Amendments to the Federal Rules of Civil Procedure courts observed that the term "otherwise defend" is broader than failure to plead, and that a party may avoid entry of default if it demonstrates that it intends to defend the suit. *See e.g. Ivy v. Thornton (In re Thornton)*, 419 B.R. 787, 790 (Bankr. W.D. Tenn. 2009). "'[C]ourts now look beyond the presence or absence of . . . formal actions to examine other evidence of active representation.'" *Id.* (quoting *Jervis B. Webb Co. v. Kennedy Grp.*, No. 07-10571, 2017 WL 2951396, at *1 (E.D. Mich. 2007).

13.    Most importantly, defaults are not generally favored and any doubt must be resolved in favor of a non-moving party. *Graveling v. Castle Mortg. Co.*, 631 Fed.Appx. 690, 698 (11th Cir. 2015) (recognizing strong policy of determining cases on their merits); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015); *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults

are seen with disfavor because of the strong policy of determining cases on their merits.");

*Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir.

1984); *Smith v. Khalif (In re Khalif)*, 308 B.R. 614, 618 (Bankr. N.D. Ga. 2004).

**B.    Wells Fargo is not in Default due to its Active Participating in the Case and its Filing of the Motion to Dismiss**

14.    Plaintiff's Motion seeking entry of the Clerk's default fails for the simple

reason that Wells Fargo is not in default. Wells Fargo actively participated in this

Adversary Proceeding and defended it. Specifically, due to the dismissal of Plaintiff's

bankruptcy case, Wells Fargo filed a Motion for Clarification reserving its right to file a

response after counsel for Wells Fargo was informed by the Clerk's Office that this

Adversary Proceeding would be administratively closed. The Court has not ruled upon

Wells Fargo's Motion for Clarification yet and it has been set for a hearing. Indeed, it

would make little sense to require Wells Fargo to file a response pending the administrative

closure of this Adversary Proceeding due to dismissal of Plaintiff's underlying Bankruptcy

Case. Furthermore, notwithstanding the hearing on the Motion for Clarification, Wells

Fargo filed a Motion to Dismiss and the Amended Motion to Dismiss to expedite matters

long before Plaintiff moved for the Clerk's default.  As such, for this reason alone,

Plaintiff's Motion should be denied.

**C.    The Court has no Subject Matter Jurisdiction to Address the Validity of the Wells Fargo's Secured Claim and the FDCPA Claim**

15.    Alternatively, entering the Clerk's default would be a futile because the

Court has no subject matter jurisdiction to address the validity of Wells Fargo's secured

claim and the FDCPA Claim. Default under Rule 55 is a two-step process (1) the entry of

default under Rules 55(a) and (2) the subsequent entry of default judgment in accordance

with Rule 55(b). FED.R.CIV.P. 55. Entry of default, as opposed to entry of default judgment, is "no more than an interlocutory act looking toward the subsequent step, an entry of a final judgment by default." *Local Union 407 Ins. Fund v. Shippers Freight Lines, Inc.,* Case No. 85-3369*, 1985 WL 13760, at \*1 (6th Cir. Sept. 26, 1985). "[T]here must be strict compliance with the legal prerequisites establishing the court's power to render the judgment. *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982). That is because, a judgment is void if the court that rendered it lacked jurisdiction of the subject matter.[6] *Rismed Oncology Systems, Inc. v. Baron*, 638 Fed.Appx. 800, 805 (11th Cir. 2015) (citing Federal Rule of Civil Procedure 60(b)(4)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) ("'[O]nce a federal Court determines that it is without subject matter jurisdiction, the Court is powerless to continue.'") (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11 Cir. 1999); *RPM Nautical Found., Inc. v. Centennial Bank*, 603 Fed.Appx. 836, 840 (11th Cir. 2015) (vacating the district court default judgment for lack of subject-matter jurisdiction and remanding with instructions to dismiss the claim).

16.     In this case, the Court is precluded from addressing the validity of Wells Fargo's secured claim and the FDCPA Claim and entering judgment due to the applicability of the *Rooker-Feldman* doctrine. Specifically, "[t]he *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (emphasis in original).  Under this doctrine, federal district courts are precluded from reviewing final judgments of state courts "because that

---

[6] *Rembert v. Apfel*, 213 F.3d 1331, 1333 (11th Cir. 2000) ("As a federal Court of limited jurisdiction, we must inquire into our subject matter jurisdiction sua sponte if the parties have not challenged it.").

777632a110e7d63d

task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (stating federal district courts have "no authority to review final judgments of a state court") (internal quotations omitted).

17.    As explained in the Amended Motion to Dismiss, Plaintiff's assertions regarding the validity of Wells Fargo's secured claim and the FDCPA Claim raised in her Complaint are inextricably intertwined with the Foreclosure Action. Particularly, Plaintiff claims that she rescinded the Note and Mortgage, and Wells Fargo was not entitled to enforce either document by filing its Foreclosure Action.  (*See generally* D.E. 1).  These are clear attacks on the Final Judgment, which either were or could have been raised during the pendency of the Foreclosure Action.  The *Rooker-Feldman* doctrine applies even when the claim was not raised or argued in state court, so long the party had a reasonable opportunity to do so.  *See Liedel v Juvenile Ct. of Madison Cnty.*, 891 F.2d 1542, 1545-46 (11th Cir. 1990); *Wood v. Orange Cty.*, 715 F.2d 1543, 1547-48 (11th Cir. 1983); *see also Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892 (11th Cir. 2008) (affirming dismissal of TILA claim under *Rooker-Feldman* doctrine because it was inextricably intertwined with state-court judgment); *Harper v. Chase Manhattan Bank*, 138 F. App'x 130, 132–33 (11th Cir. 2005) (finding *Rooker-Feldman* deprived federal district court of subject matter jurisdiction over TILA and FDCPA claims following entry of state-court foreclosure judgment); *Dean v. Wells Fargo Home Mortg.*, No. 2:10-cv-564-FtM-29SPC, 2011 WL 1515106, at *3 (M.D. Fla. Apr. 21, 2011) (applying *Rooker-Feldman* doctrine to bar TILA and RESPA claims seeking rescission of mortgage, as such claims could have been raised in state-court.). Accordingly, Plaintiff's claims were either raised or could have

been raised in the Foreclosure Action and Plaintiff is precluded from seeking a judgment in this Adversary Proceeding on these claims under the *Rooker-Feldman* doctrine. Therefore, entering the Clerk's default would be futile, and Plaintiff's Motion should be denied.

### D.    Plaintiff Did Not Plead A Sufficient Basis for the Judgment To Be Entered on the Purported Violation of Automatic Stay Claim

18.    Even in the event that Wells Fargo did not actively defend this case (which Wells Fargo denies), entering the Clerk's default would likewise be futile as the Court would be unable to enter a default judgment on Plaintiff's Violation of the Automatic Stay Claim because Plaintiff failed to state a claim for violation of the automatic stay and cannot obtain a judgment on this ground.  "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In fact, a court may only enter default judgment if the well pled allegations in the complaint "actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed.Appx.860, 863 (11th Cir. 2007); *see also CC Fin., LLC, v Harvey (In re Harvey)*, Adv. P. No. 16-1034-WHD, 2017 WL 432788, at *1 (Bankr. N.D. Ga., Jan. 31, 2017). A plaintiff states sufficient basis for the judgment if it survives a motion to dismiss for failure to state a claim. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

19.    Plaintiff's Violation of the Automatic Stay Claim alleges that the filing of the Foreclosure Action along with all other actions that predate her Bankruptcy Case

violated the automatic stay.  Section "362(a) [of the Bankruptcy Code] enumerates specific acts the Code prohibits while the stay remains in effect . . . ." *Wills v. The Heritage Bank (In re Wills)*, 226 B.R. 369, 377 (Bankr. E.D. Va. 1998); *In re Campbell*, 185 B.R. 628, 630 (Bankr. S.D. Fla. 1995) ("As a general principle, § 362(a) of the Bankruptcy Code imposes an automatic stay against most actions against a debtor or his property . . . ."). However, the automatic stay is not imposed until the filing of the bankruptcy petition. 11 U.S.C. § 362(a). Specifically, § 362(a), provides as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301 . . . of this title . . . operates as a stay . . . .

20.     Here, Plaintiff asserts that the Foreclosure Action violated the automatic stay imposed by the filing of the Bankruptcy Case in March 2016. However, the Foreclosure Action, the entry of the Final Judgment, as well as the 2015 opinion affirming the Final Judgment and the mandate from the Fifth District, all predate the filing of the Bankruptcy Case. As such, there could be no automatic stay violation at any time. Consequently, Plaintiff would not be entitled to judgment on this ground and entering the Clerk's default would be futile as there could not be a default judgment.

## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that this Court deny Plaintiff's Motion seeking the Clerk's default and granting any such further relief as the Court deems just and proper.

McGUIREWOODS LLP

By_____*/s/ Anna Haugen*_____
      Sara F. Holladay-Tobias (FL Bar No. 0026225)
      Emily Y. Rottmann (FL Bar No. 93154)
      Courtney A. McCormick (FL Bar No. 92879)
      Anna Haugen (FL Bar No. 89555)
      50 N. Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200
      (904) 798-3207 (fax)
      stobias@mcguirewoods.com
      erottmann@mcguirewoods.com
      cmccormick@mcguirewoods.com
      ahaugen@mcguirewoods.com

*Attorneys and Trial Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 5, 2017.  I also certify that the foregoing document is being served this day on the following via U.S. Mail:

Zorna Corbin
8121 Meadowglen Drive
Orlando, FL  32810

_____ */s/ Anna Haugen*_____
Attorney