UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ZORNA SIMONE CORBIN,                    Case No.:  6:16-bk-02047-CCJ
                                        Chapter 13
            Debtor.

_____

ZORNA SIMONE CORBIN,

            Plaintiff,

v.                                      Case No.:  6:16-ap-00090-CCJ

WELLS FARGO BANK, N.A.,

            Defendant.

_____

**DEFENDANT WELLS FARGO BANK. N.A.'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR DEFAULT JUDGMENT WITH AFFIDAVIT (Adv.P. D.E. 23)**

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel, responds in opposition to Plaintiff's Amended Motion for Default Judgment with Affidavit (the "Motion") (D.E. 23).   In support, Wells Fargo states as follows:

**INTRODUCTION**

1.      Plaintiff's Motion seeking entry of default judgment fails because the Court has not ruled upon Plaintiff's Motion for Entry of Default by Clerk, which Wells Fargo opposed.[1]   It is well established that prior to obtaining a default judgment under either Federal Rule of Civil Procedure 55(b)(1) or Rule 55(b)(2), there must be an entry of default

---

[1] On July 5, 2017, Wells Fargo filed a Response in Opposition to Plaintiff's Motion for Entry of Default (Adv. P. D.E. 21).  Wells Fargo re-alleges all of its arguments raised therein.

as provided by Rule 55(a). As such, the Motion is premature, not properly before the Court, and should be denied. However, even assuming *arguendo* that the Motion is properly before the Court, the Court should deny the Motion because it lacks subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine as Plaintiff's claims have been litigated, or could have been litigated, in a prior mortgage foreclosure action (the "Foreclosure Action") that resulted in a final judgment of foreclosure ("Foreclosure Judgment") in favor of Wells Fargo. That Foreclosure Judgment has been affirmed on appeal and is a final judgment. Furthermore, the Court cannot not enter default judgment on Plaintiff's claim for violation of the automatic stay because Plaintiff failed to state a claim upon which relief could be granted. Consequently, the Court may not enter judgment on any of Plaintiff's claims and, as such, Plaintiff's Motion should be denied.

## I.    PROCEDURAL HISTORY OF THE BANKRUPTY CASE

2.    On March 29, 2016, Plaintiff filed a voluntary petition ("Petition") in this Court seeking bankruptcy protection under Chapter 13 of the Bankruptcy Code ("Bankruptcy Case"). (Bankr. D.E. 1). The Petition lists the property located at 8121 Meadowglen Drive, Orlando, Florida 32810 as Plaintiff's place of residence (the "Property"). (Bankr. D.E. 1 at 2). As explained in detail in the Amended Motion to Dismiss, the Property is encumbered by Wells Fargo's secured claim that was subject to the Foreclosure Action.[2] (Adv. P. D.E. 16 at 3-5). Upon the conclusion of the Foreclosure Action, in which Plaintiff actively participated, Wells Fargo obtained the Foreclosure

---

[2] Wells Fargo re-alleges all of its arguments raised in the Amended Motion to Dismiss (Adv.P. D.E. 16) herein by reference.

Judgment, which was thereafter affirmed by the Florida Fifth District Court of Appeal (the "Fifth DCA").  (Adv. P. D.E. 16 at 3v5).[3]

     3.      On April 25, 2016, Plaintiff filed her Chapter 13 Plan (the "Plan"), Statement of Financial Affairs, Schedules A-J ("Schedules"), and Statement of Current Monthly Income (Bankr. D.E. 12, 13).  Four days later, on April 29, 2016, the Chapter 13 Trustee filed a Motion to Dismiss Case for Failure to File a Feasible Chapter 13 Plan, and for Filing Incomplete Schedules (the "Motion to Dismiss").  (Bankr. D.E. 16).  In particular, the Trustee explained that the Plan, the Statement of Financial Affairs, Statement of Current Monthly Income, and the majority of the Schedules were left blank. (Bankr. D.E. 16 ¶ 3).  On May 13, 2016, Wells Fargo also filed an objection to confirmation of the Plan based on, among other things, Plaintiff's failure to provide plan payments to the Trustee or any of her creditors.  (Bankr. D.E. 18).

     4.      On July 19, 2016, Plaintiff filed an Amended Chapter 13 Plan (the "Amended Plan"), and Amended Schedules A-J as well as Statement of Financial Affairs a Statement of Current Monthly Income; however, those documents were still incomplete and did not correct all the deficiencies identified by the Trustee or Wells Fargo.[4]  (*See* Bankr. D.E. 19, 20).  On September 27, 2016, Plaintiff filed an Objection to Wells Fargo's Proof of Claim 4-1.  (Bankr. D.E. 29).  That same date, Plaintiff filed the instant Complaint that initiated this Adversary Proceeding.  (Adv. P. D.E. 1).  In her Complaint,[5] Plaintiff contends that Wells Fargo lacked standing to file the Foreclosure Action, and that the underlying Note and Mortgage are invalid.  (*See generally* D.E. 1).  Although Plaintiff

---

[3] *See* Adv.P. D.E. 16 at 3-5 (discussing the procedural history of the Foreclosure Action).
[4] The Court entered an order striking Schedules A-J without prejudice on July 20, 2016, and Plaintiff filed amended Schedules E-F on September 27, 2016 (the "Amended Schedules").  (Bankr. D.E. 21, 28).
[5] Wells Fargo provides this summary based upon its good faith attempt to decipher Plaintiff's allegations.

admits that she executed both the Note and Mortgage in favor of the original lender, World Savings Bank FSB, Plaintiff asserts that she exercised her right of rescission under the Truth in Lending Act ("TILA") on December 10, 2008, purportedly cancelling the loan transaction and invalidating the Note and Mortgage. (D.E. 1 ¶¶ 19–26, 49–55). Plaintiff also contends that Wells Fargo's filing of the Foreclosure Action after the alleged rescission amounted to an unlawful debt collection activity under the Fair Debt Collection Practices Act (the "FDCPA Claim"). (D.E. ¶¶ 27–28, 56–60, 65–67). Furthermore, Plaintiff asserts that the filing of the Foreclosure Action violated the automatic stay imposed by the filing of her Bankruptcy Case in March 2016. (*See* D.E. 1 ¶¶ 29–37, 61–64).

5.      On November 15, 2016, the Court granted the Trustee's Motion to Dismiss. (Bankr. D.E. 41). On November 23, 2016, the Court entered an Order Granting Motion to Dismiss the Case. (Bankr. D.E. 42). Thereafter, fourteen days later, on December 7, 2016, Plaintiff filed a Verified Motion to Reinstate the Case. (Bankr. D.E. 43). The Court granted the Motion to Reinstate the Case on April 28, 2017. (Bankr. D.E. 50).

## PROCEDURAL HISTORY OF THE ADVERSARY PROCEEDING

6.       As set forth above, Plaintiff filed the Complaint on September 27, 2016. (Adv. P. D.E. 1).  Wells Fargo's response was due on October 31, 2016.  (Adv. P. D.E. 2). On that date, Wells Fargo filed an Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Verified Complaint and Incorporated Memorandum of Law, which the Court granted and thereby extended Wells Fargo's time for filing a response until November 30, 2016.  (Adv. P. D.E. 3, 6).

7.       After the Court entered the Order Granting Motion to Dismiss Plaintiff's Bankruptcy Case on November 23, 2016, the Clerk's Office informed counsel for Wells Fargo that this Adversary Proceeding would be administratively closed based upon the dismissal of the underlying Bankruptcy Case.[6] On November 30, 2016, Wells Fargo filed a Motion for Clarification.  (Adv. P. D.E. 5).  In the Motion for Clarification, Wells Fargo explained that it was informed that this Adversary Proceeding would be closed and requested clarification from the Court whether it was necessary to file a response in light of the recent dismissal of Plaintiff's Bankruptcy Case and pending administrative closure of the Adversary Proceeding.  (Adv. P. D.E. 5 at 1- 2).  Wells Fargo also reserved its right to file a response if the Court later determined that it is necessary for Wells Fargo to file a response to the Complaint because the Bankruptcy Case was reinstated or if the Adversary Proceeding was not administratively closed.  (Adv. P. D.E. 5 at 2).  After the Court reinstated Plaintiff's Bankruptcy Case, on May 1, 2017, the Court set the Motion for

---

[6] Courts in this circuit routinely dismiss adversary proceedings upon the dismissal of the underlying bankruptcy case. *See, e.g.*, *Olsson v. Wells Fargo Bank N.A. (In re Olsson*, Case No. 15-01687-PGH, D.E. 36 (Bankr. S.D. Fla. Feb. 27, 2017) (dismissing the adversary proceeding based upon dismissal of the underlying bankruptcy case on the same day); *Petrano v. Fraser (In re Petrano)*, Case No. 13-01011-KKS, D.E. 21 (Bankr. N.D. Fla. Apr. 16, 2014) (dismissing *sua sponte* the adversary proceeding based upon the dismissal of the underlying bankruptcy case).

92046924_2

Clarification for a hearing on June 15, 2016, and thereafter the Court set a pre-trial status conference also for June 15, 2016.  (Adv.P. D.E. 9, 11).

8.    On June 7, 2017, Plaintiff filed a Motion to Reschedule Hearing and requested that the Court continue the pre-trial status conference because Plaintiff was unable to attend the hearing.  (Adv.P. D.E. 13).  As Plaintiff did not ask to continue the hearing on Wells Fargo's Motion for Clarification, counsel for Wells Fargo reached out to Plaintiff so that the Motion for Clarification was not heard in her absence and inquired if she would consent to having the Motion for Clarification resolved by consenting to Wells Fargo's filing of a response on or before June 15, 2017.  Counsel for Wells Fargo further informed Plaintiff that Wells Fargo would not oppose her Motion to Reschedule the Hearing.  Plaintiff informed counsel for Wells Fargo that she would inform Wells Fargo of her decision, but did not.

9.    Thus, on June 12, 2017, Wells Fargo filed a Motion to Dismiss Verified Adversary Proceeding.  (Adv.P. D.E. 14).  On June 14, 2017, the Court granted Plaintiff's Motion to Reschedule Hearing and *sua sponte* rescheduled all Adversary Proceeding matters for July 13, 2017.  (Adv. P. D.E. 15).  On June 14, 2017, Wells Fargo filed an Amended Motion to Dismiss.  (Adv. P. D.E. 16).  Seven days later, on June 21, 2017, despite Wells Fargo's active participation in the Adversary Proceeding, Plaintiff filed the Motion for Entry of Default by Clerk (Adv. P. D.E 18) incorrectly asserting that Wells Fargo abandoned the case.  On June 29, 2017, the Court again rescheduled the pre-trial status conference along with the hearing on the pending motions to August 16, 2017.  (Adv. P. D.E.  19). On July 3, 2017, Plaintiff filed a Motion for Default Judgment.  (Adv. P. D.E. 21).  On July 5, 2017, Wells Fargo filed its Response in Opposition to Plaintiff's Motion

for Entry of Default.  (Adv. P. D.E. 21).  On July 6, 2017, Plaintiff filed the instant Motion

in which Plaintiff incorrectly, and without any further information, asserts that the Clerk

entered default against Wells Fargo.  (Adv.P. D.E. 23).

### III.    MEMORANDUM OF LAW

### A.    Legal Standard

10.    Federal Rule of Civil Procedure 55(a), made applicable to adversary

proceedings by Federal Rule of Bankruptcy Procedure 7055, provides that "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." FED.R.CIV.P. 55(a).   Thereafter, a party may seek to obtain default judgment

pursuant to Rule 55(b)(1) or 55(b)(2).   *See* FED.R.CIV.P. 55.  As such, prior to obtaining a

default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of

default as provided by Rule 55(a).  10A Charles Alan Wright, Arthur R. Miller, Mary Kay

Kane, Federal Practice and Procedure § 2682 (3d Ed. Apr. 2017); *Husain v. Casino Control

Comm'n*, 265 Fed.Appx. 130, 133 (3rd Cir. 2008) ("[E]ntry of default by the Clerk under

Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent

default judgment under Rule 55(b)."); *Brooks v. U.S.*, 29 F. Supp. 2d 613, 618 (N.D. Cal.

1998) ("As default has not been entered against defendant . . .  the entry of default judgment

would be inappropriate.").  Most importantly, default judgments are strongly disfavored

and any doubt must be resolved in favor of the non-moving party.  *Graveling v. Castle

Mortg. Co.*, 631 Fed.Appx. 690, 698 (11th Cir. 2015) (recognizing the strong policy of

determining cases on their merits); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d

1239, 1244-45 (11th Cir. 2015); *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783

7

(11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits."); *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984); *Smith v. Khalif (In re Khalif)*, 308 B.R. 614, 618 (Bankr. N.D. Ga. 2004).

      **B.**      **Plaintiff's Motion for Entry of Default Judgment is Premature because there is no Clerk's Default against Wells Fargo**

      11.    Plaintiff's Motion seeking entry of default judgment is premature and incorrectly asserts that the Clerk's Office has entered default against Wells Fargo.  In fact, Plaintiff's Motion for Entry of Default is still pending and will fail because Wells Fargo was not in default.  To the contrary, Wells Fargo actively participated in this Adversary Proceeding and defended it.  Specifically, due to the dismissal of Plaintiff's Bankruptcy Case, Wells Fargo filed a Motion for Clarification reserving its right to file a response to Plaintiff's Complaint after counsel for Wells Fargo was informed by the Clerk's Office that this Adversary Proceeding would be administratively closed.  The Court has yet not ruled upon Wells Fargo's Motion for Clarification and it has been set for a hearing on August 16, 2017.  It would make little sense to require Wells Fargo to file a response pending the administrative closure of this Adversary Proceeding.  Furthermore, notwithstanding the hearing on the Motion for Clarification, Wells Fargo filed a Motion to Dismiss and the Amended Motion to Dismiss to expedite matters long before Plaintiff moved for entry of default.  As such, Plaintiff's Motion is premature because there is no default.  Therefore, the Court should deny it.

### C.    Alternatively, the Court has no Subject Matter Jurisdiction to Address the Validity of Wells Fargo's Secured Claim and the FDCPA Claim

12.    Alternatively, the Court cannot enter default judgment because the Court has no subject matter jurisdiction to address the validity of Wells Fargo's secured claim and the FDCPA Claim.  Consequently, any judgment entered by the Court on Plaintiff's claims would be void.  Federal courts are courts of limited jurisdiction.[7] *Univ. of South Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999).  "They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Id.* (quoting *Taylor v. Appleton,* 30 F.3d 1365 (11th Cir. 1994)).  Subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties.  *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983).  Thus, acting outside of a court's statutory subject matter jurisdiction, violates the fundamental constitutional precept of limited federal power.  *Univ. of South Ala.*, 168 F.3d at 409.  When a federal court acts outside of its statutory subject matter jurisdiction "such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts. . . ." *Id.* at 410 (citing *Victory Carriers, Inc. v. Law*, 404 U.S. 202 (1971)).  It also "'offends fundamental principles of separation of powers.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)).  Accordingly, "[o]nce a federal court determines that it is without subject matter jurisdiction, the Court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotations omitted).  "Jurisdiction is power to declare the law, and when it ceases

---

[7] *Rembert v. Apfel*, 213 F.3d 1331, 1333 (11th Cir. 2000) ("As a federal Court of limited jurisdiction, we must inquire into our subject matter jurisdiction *sua sponte* if the parties have not challenged it."), *abrogated on other grounds by Chambless v. Louisiana-Pacific Corp.*, 481 F. 3d 1345 (11th Cir. 2007).

92046924_2

to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Univ. of South Ala.*, 168 F.3d at 410 (internal quotations omitted). For all of these reasons, a judgment is void if the court that renders it lacks jurisdiction over the subject matter. *See Rismed Oncology Sys., Inc. v. Baron*, 638 Fed. Appx. 800, 805 (11th Cir. 2015); *see also RPM Nautical Found., Inc. v. Centennial Bank*, 603 Fed.Appx. 836, 840 (11th Cir. 2015) (vacating the district court's entry of default judgment for lack of subject-matter jurisdiction and remanding with instructions to dismiss the claim).

13.     In this case, the Court is precluded from addressing the validity of Wells Fargo's secured claim and the FDCPA Claim and entering judgment due to the applicability of the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (emphasis in original). Under this doctrine, federal district courts are precluded from reviewing final judgments of state courts "because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009) (stating federal district courts have "no authority to review final judgments of a state court") (internal quotations omitted). [8]

14.     As explained in the Amended Motion to Dismiss, Plaintiff's assertions regarding the validity of Wells Fargo's secured claim and the FDCPA Claim are inextricably intertwined with the Foreclosure Action. Specifically, Plaintiff claims that she

---

[8] Wells Fargo provided a detailed discussion pertaining to the finality of the Final Judgment in the Amended Motion to Dismiss, which is incorporated herein by reference. *See* Adv. P. D.E. 16 at 11–14.

92046924_2

rescinded the Note and Mortgage, and Wells Fargo was not entitled to enforce either document through the Foreclosure Action.  (*See generally* D.E. 1).  These assertions are clear attacks on the validity and veracity of the Foreclosure Judgment, which either were or could have been raised during the pendency of the Foreclosure Action.

15.    The *Rooker-Feldman* doctrine applies even when the claim was not raised or argued in state court, so long the party had a reasonable opportunity to do so.  *See Liedel v Juvenile Ct. of Madison Cnty.*, 891 F.2d 1542, 1545–46 (11th Cir. 1990); *Wood v. Orange Cty.*, 715 F.2d 1543, 1547–48 (11th Cir. 1983); *see also Velardo v. Fremont Inv. & Loan,* 298 Fed. Appx. 890, 892 (11th Cir. 2008) (affirming dismissal of TILA claim under *Rooker-Feldman* doctrine because it was inextricably intertwined with state-court judgment); *Harper v. Chase Manhattan Bank*, 138 Fed. Appx. 130, 132–33 (11th Cir. 2005) (finding *Rooker-Feldman* deprived federal district court of subject matter jurisdiction over TILA and FDCPA claims following entry of state-court foreclosure judgment); *Dean v. Wells Fargo Home Mortg.*, No. 2:10-cv-564-FtM-29SPC, 2011 WL 1515106, at *3 (M.D. Fla. Apr. 21, 2011) (applying *Rooker-Feldman* doctrine to bar TILA and RESPA claims seeking rescission of mortgage, as such claims could have been raised in state-court).

16.    Accordingly, Plaintiff's claims were either raised or could have been raised in the Foreclosure Action and Plaintiff is precluded from seeking a judgment in this Adversary Proceeding on these claims under the *Rooker-Feldman* doctrine.  Therefore, entering a default judgment would unconstitutionally invade the powers reserved to the states to determine controversies in their own courts, and a default judgment would be void. *See University of South Ala.*, 168 F.3d at 409.

92046924_2

**D.    Plaintiff Did Not Plead A Sufficient Basis for the Judgment To Be Entered on the Purported Violation of Automatic Stay Claim**

17.    Furthermore, the Court should not enter default judgment on Plaintiff's claim for violation of the automatic stay because Plaintiff failed to state a claim upon which relief may be granted.   "[A] defendant's default does not in itself warrant the court in entering default judgment.   There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In fact, a court may only enter default judgment if the well-pled allegations in the complaint "actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed.Appx. 860, 863 (11th Cir. 2007); *see also CC Fin., LLC, v Harvey (In re Harvey)*, Adv. P. No. 16-1034-WHD, 2017 WL 432788, at *1 (Bankr. N.D. Ga., Jan. 31, 2017).   A plaintiff states a sufficient basis for the judgment his or her claims survive a motion to dismiss for failure to state a claim under Rule 12(b)(6).   *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

18.    Plaintiff's claim for violation of the automatic stay alleges that the filing of the Foreclosure Action, along with all other actions that predate her Bankruptcy Case, violated the automatic stay.  Section "362(a) [of the Bankruptcy Code] enumerates specific acts the Code prohibits while the stay remains in effect . . . ." *Wills v. The Heritage Bank (In re Wills)*, 226 B.R. 369, 377 (Bankr. E.D. Va. 1998); *In re Campbell*, 185 B.R. 628, 630 (Bankr. S.D. Fla. 1995) ("As a general principle, § 362(a) of the Bankruptcy Code imposes an automatic stay against most actions against a debtor or his property . . . .").

12

However, the automatic stay is not imposed **until** the filing of the bankruptcy petition.  11 U.S.C. § 362(a).  Specifically, § 362(a), provides as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301 . . .  of this title . . . operates as a stay . . . .

19.     Here, Plaintiff asserts that the Foreclosure Action, initiated on January 18, 2013, violated the automatic stay imposed by the filing of the Bankruptcy Case in March 2016.  However, the Foreclosure Action, the entry of the Final Judgment, as well as the 2015 opinion affirming the Final Judgment and the mandate from the Fifth DCA, all **predate** the filing of the Bankruptcy Case.  As such, under the plain language of section 362 of the Bankruptcy Code, there could be no automatic stay violation **until** a bankruptcy case is filed.  Consequently, Plaintiff is not entitled to judgment on this ground.

## CONCLUSION

WHEREFORE, Wells Fargo respectfully requests that this Court deny Plaintiff's Motion and grant any such further relief as the Court deems just and proper.

McGUIREWOODS LLP


By____*/s/ Anna Haugen*_____
　　　Sara F. Holladay-Tobias (FL Bar No. 0026225)
　　　Emily Y. Rottmann (FL Bar No. 93154)
　　　Courtney A. McCormick (FL Bar No. 92879)
　　　Anna Haugen (FL Bar No. 89555)
　　　50 N. Laura Street, Suite 3300
　　　Jacksonville, Florida 32202
　　　(904) 798-3200
　　　(904) 798-3207 (fax)
　　　stobias@mcguirewoods.com
　　　erottmann@mcguirewoods.com
　　　cmccormick@mcguirewoods.com
　　　ahaugen@mcguirewoods.com

*Attorneys and Trial Counsel for Wells Fargo Bank, N.A.*

92046924_2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on July 20, 2017.  I also certify that the foregoing document is being served this day on the following via U.S. Mail:

Zorna Corbin
8121 Meadowglen Drive
Orlando, FL  32810

_/s/ Anna Haugen_
Attorney
